IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MISSISSIPPI FARM BUREAU                                          PLAINTIFF
CASUALTY INSURANCE COMPANY

V.                                                    NO. 1:25-CV-182-DMB-RP
                                                                *Lead Case*

TENNESSEE VALLEY AUTHORITY
and DANIEL HARRINGTON                                           DEFENDANTS

*consolidated with*

EARLINE SMITH                                                    PLAINTIFF

V.                                                    NO. 1:26-CV-80-DMB-RP

DANIEL HARRINGTON and
TENNESSEE VALLEY AUTHORITY                                      DEFENDANTS

## ORDER

Before United States Magistrate Judge Roy Percy consolidated the above captioned cases on June 16, 2026—Tennessee Valley Authority ("TVA") filed (1) on April 10, a motion to dismiss Daniel Harrington with prejudice in *Mississippi Farm Bureau Casualty Insurance Company v. Tennessee Valley Authority* ("Lead Case");[1] and (2) on June 15, a motion to dismiss Harrington with prejudice in *Smith v. Harrington* ("Member Case").[2] *Lead Case*, No. 1:25-cv-182, at Doc. #15;[3] *Member Case*, No. 1:26-cv-80, at Doc. #13.[4] In seeking Harrington's dismissal, TVA

---

[1] The case was initially assigned to United States Senior District Judge Sharion Aycock; however, it was reassigned to the undersigned district judge following Judge Aycock's recusal. *Lead Case*, No. 1:25-cv-182, at Doc. #3.

[2] Before consolidation, the case was assigned to United States Senior District Judge Sharion Aycock. *Member Case*, No. 1:26-cv-80, at Text Entry (May 15, 2026).

[3] In violation of Local Rule 7(b)(2)(F), TVA attached a proposed order as an exhibit. *Lead Case*, No. 1:25-cv-182, at Doc. #15-2.

[4] In violation of Local Rule 7(b)(2)(F), TVA attached a proposed order as an exhibit. *Member Case*, No. 1:26-cv-80, at Doc. #13-2.

maintains in the Lead Case that "[t]his is a negligence subrogation action in which [Mississippi Farm Bureau Casualty Insurance Company ("MFB")] seeks to recover monetary damages for payments made to and on behalf of its insured for property damage and personal injuries allegedly to have been sustained in an October 17, 2023 accident involving a vehicle owned and operated by [MFB's] insured Earline Smith and a vehicle owned by [it] and operated by … Harrington;"[5] and in the Member Case that "[t]his is a negligence action in which [Smith] seeks to recover monetary damages for personal injuries alleged to have been sustained in a May 17, 2023 accident involving a vehicle owned and operated by … Smith and a vehicle owned by [it] and operated by … Harrington."[6]  In both cases, TVA argues:

> [It] has been named as a defendant in this lawsuit and has certified that Mr. Harrington was a TVA employee within the meaning of 16 U.S.C. § 831c-2, and further that he was acting within the scope of that employment at the time of the accident. [Its] counsel has consulted with Plaintiff's counsel, who has agreed to the dismissal of … Harrington pursuant to the exclusivity provisions of 16 U.S.C. § 831c-2 ….
>
> …
>
> The [Federal Employees Liability Reform and Tort Compensation Act] provisions applicable to [it] and its employees provide that, except for claims of constitutional torts, an action against [it] "is ex[c]lusive" and precludes any action against a TVA employee based upon the employee's alleged "negligent or wrongful act or omission" while acting within the scope of his or her TVA office or employment. They further provide that when [it] certifies that a "defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose," the action against the employee "shall be deemed an action against [it] … and [it] shall be substituted as the party defendant."

*Lead Case*, No. 1:25-cv-182, at Doc. #16 at 1, 3 (internal citations omitted); *Member Case*, No. 1:26-cv-80, at Doc. #14 at 1, 3 (internal citations omitted).

---

[5] *Lead Case*, No. 1:25-cv-182, at Doc. #15 at 1.

[6] *Member Case*, No. 1:26-cv-80, at Doc. #13 at 1.

2

Upon consideration,[7] the motion to dismiss Harrington in the Lead Case [15] and the motion to dismiss Harrington in the Member Case [13] are **GRANTED**. Daniel Harrington is **DISMISSED with prejudice**.

**SO ORDERED**, this 22nd day of June, 2026.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[7] 16 U.S.C. § 831c-2(a)(1) provides:

> An action against [TVA] for injury or loss of property … arising or resulting from the negligent or wrongful act or omission of any employee of [TVA] while acting within the scope of this office or employment is ex[c]lusive of any other civil action or proceeding by reason of the same subject matter against the employee … whose act or omission gave rise to the claim.

(footnote omitted). Subsection (b)(2) of that statute instructs:

> Upon certification by [TVA] that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, … [TVA] shall be substituted as the party defendant. This certification of [TVA] shall conclusively establish scope of office or employment for purposes of removal.

Such certification by TVA in the Lead Case and in the Member Case is attached to each respective motion as an exhibit. *Lead Case*, No. 1:25-cv-182, at Doc. #15-1; *Member Case*, No. 1:26-cv-80, at Doc. #13-1.

3